IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LETICIA ANGELI MCWILLIAMS, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:16-CV-814-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Leticia Angeli McWilliams, a former state prisoner residing at the Fort Worth Transitional Center at the time this petition was filed, against Lorie Davis, director of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On January 19, 2010, pursuant to a plea bargain agreement, Petitioner pleaded guilty in Tarrant County, Texas, Case No. 1174887D, to intoxication assault and received a probated ten-year sentence. Clerk's R. 30, ECF No. 11-1. On April 4, 2014, following a hearing, the trial court revoked her community supervision on the state's motion and sentenced her to four years' confinement. *Id.* at 92. Petitioner appealed the judgment revoking community supervision, but the Second District Court of Appeals of Texas affirmed the trial court's judgment and, on March 4, 2015, the Texas Court of Criminal Appeals refused her petition for discretionary review. Docket Sheet 1-2, ECF No. 11-6. Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 1. She filed one relevant state habeas-

corpus application during the pendency of her appeal, which was treated and denied by the Texas Court of Criminal Appeals as a motion for leave to file. WR-82,187-01 Writ Rec'd & Action Taken, ECF Nos. 11-20 & 11-22. Since filing this petition, Petitioner has been released from the Fort Worth Transitional Center, and, according to telephonic communication with TDCJ on this date, is no longer on parole, having fully discharged her 4-year sentence.

## II. ISSUES

Petitioner raises four grounds for relief challenging the trial court's judgment revoking community supervision:

(1) court documents contain false information;
(2) court documents contain signatures that do not belong to Judge Robb Catalano or herself;
(3) court documents have been illegally altered; and
(4) fraudulent court documents resulted in her "illegal incarcerations."

Pet. 6-7, ECF No. 1.

Petitioner raised one or more of the same or similar claims in two prior federal habeas petitions, which were both dismissed on exhaustion grounds. Pet. & Op. and Order, McWilliams v. Stephens, No. 4:15-CV-641-O, ECF Nos. 1 & 23; Pet. & Op. and Order, McWilliams v. Anderson, No. 4:14-CV-912-O, ECF Nos. 1 & 8. By way of this petition, she seeks immediate release, immediate legal assistance, legal help and legal protection, removal from parole and the Texas legal system, and assistance with housing, medical and dental care, and other expenses. *Id.* at 7.

## III. RULE 5 STATEMENT

Respondent does not assert the petition is barred by successiveness but does assert that the petition is barred by the federal statute of limitations and exhaustion. Resp't's Answer 5-12, ECF No. 9.

## IV. STATUTE OF LIMITATIONS

To the extent this petition has not been rendered moot as a result of Petitioner's release from incarceration and parole, 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief pursuant to § 2254. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). For purposes of this provision,

3

the judgment revoking community supervision became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on June 2, 2015, triggering the one-year limitations period, which expired one year later on June 1, 2016.[1] *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010), *aff'd*, 565 U.S. 134 (2012); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Therefore, Petitioner's federal petition was due on or before June 1, 2016, absent any tolling.

Petitioner's state habeas-corpus application filed and disposed of by the Texas Court of Criminal Appeals during the pendency of her appeal did not operate to toll the limitations period under the statutory provision. Writ Rec'd, ECF No. 11-20; Action Taken, ECF No. 11-22; 28 U.S.C. § 2244(d)(2). Nor do her prior federal habeas petitions, dismissed for failure to exhaust. *See Duncan v. Walker,* 533 U.S. 167, 181-82 (2001). Thus, the petition is untimely unless Petitioner is entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner makes no such showing. The exhaustion requirement, her pro se status, and limited access to law libraries and other resources are incident to ordinary inmate status and do not constitute extraordinary circumstances. And, the concept of attacking void judgments at any time is a state-law matter, not an exception to the federal statute of limitations. Pet'r's Reply 3, ECF No. 14. *See Bashroba v. Stephens,* No. 3:14-CV-43-N-BN, 2014 WL 4805964, at *3 (N.D.Tex. Sept. 2,

---

[1] 2016 was a leap year.

2014), *report and recommendation adopted by* 2014 WL 4815787 (N.D.Tex. Sept. 29, 2014); *Perry v. Stephens,* No. 4:13-CV-540-Y, 2013 WL 5943119, at *1 (N.D.Tex. Nov. 6, 2013); *Nortonsen v. Reid,* 133 Fed. App'x 509, 2005 WL 1253964, at *1 (10th Cir. May 27, 2005), *cert. denied,* 546 U.S. 1040 (2005).

Absent any applicable tolling, Petitioner's petition was due on or before June 1, 2016. Her petition filed on September 1, 2016, is therefore untimely.

## IV. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 21st day of June, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

5